IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARINA KAUFFMAN <br> 1702 Hawkins Drive <br> Southampton, PA 18966 <br><br> Plaintiff, <br><br> v. <br><br> INNOVAGE PENNSYLVANIA LIFE LLC <br> 8950 Lowry Blvd. <br> Denver, CO 80230 | CIVIL ACTION <br><br> No.: _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Marina Kauffman (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Innovage Pennsylvania Life LLC (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend her complaint to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC"). These claims will mirror her Title VII claims.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Innovage Pennsylvania Life LLC is headquartered in Denver, Colorado. Defendant provides all-inclusive care for the elderly as an alternative to nursing facilities by providing

services that include customized healthcare and social support at Defendant's facilities located in Colorado, California, New Mexico, Pennsylvania, and Virginia. Defendant employs in total approximately 2,000 employees and serves approximately 6,500 seniors. Plaintiff was at all times based out of Defendant's Philadelphia, Pennsylvania location.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a Caucasian female of Jewish and Russian descent/ancestry.

12. Plaintiff was employed by Defendant at Defendant's Philadelphia, Pennsylvania location from approximately January of 2021 until her unlawful termination on March 19, 2021 (discussed further *infra*).

13. Plaintiff was at all times employed by Defendant as a Business Development Navigator (a representative for enrollment obtaining getting referrals for the life Program – a benefits program for people 55 and older).

14. During her employment with Defendant, Plaintiff was a hard-working employee who performed her job well.

15. At the time of the relevant events in question, Plaintiff was primarily supervised by Manager, Keena Kiser (*hereinafter* "Kiser").

16. Throughout Plaintiff's employment with Defendant, she was subjected to discrimination and retaliation as a result of her gender, race, ancestry, ethnicity, and/or national origin. By way of example, but not intended to be an exhaustive list:

    a. Defendant's male management and male co-workers subjected Plaintiff and other females to discrimination and derogatory comments because of their gender, treating them less favorably than their male counterparts;

    b. Defendant's management and a male co-worker, Al Romanelli (*hereinafter* "Romanelli"), treated Plaintiff in a condescending and derogatory way, regularly speaking down to her;

    c. Romanelli informed Plaintiff that a former female employee was "stupid" but had a "pretty face";

    d. Romanelli further informed Plaintiff that another female employee was a "sneaky bitch" and that "she was raped by her ex-husband and that's why she doesn't like men";

    e. Romanelli would routinely steal Plaintiff's referrals, which was condoned by male management, preventing her from reaching her goals, and opening her up to discipline;

    f. Female employees were disciplined and/or counseled for minor things, while Romanelli and other male employees were never counseled or disciplined; and

    g. Unlike her male co-workers, Defendant's management overly scrutinized and criticized Plaintiff's work and that of other female employees.

17. As a result of this conduct, Plaintiff reasonably felt offended and that she was being discriminated against based on her sex.

18. Upon information and belief, Plaintiff was not the first person to raise concerns about Romanelli's treatment towards women as there are believed to be multiple other female

employees and referral sources who have raised similar concerns to Defendant's management about Romanelli.

19. Defendant failed to address Plaintiff's complaints in any meaningful way and, upon information and belief, Romanelli was not disciplined or counseled for his conduct.

20. Plaintiff believes and therefore avers that she was also subjected to discrimination and disparate treatment because of her race, ethnicity, ancestry and/or national origin.

21. First, Romanelli exhibited clear distaste for women of Jewish and/or Russian ethnicity, ancestry, and/or national origin. For example, by not intended to be an exhaustive list:

    a. Romanelli made multiple derogatory and offensive comments, including but not limited to referring to some clients in meetings as "dirty Russians," informing Plaintiff that Russian women are "sneaky and aggressive," and that a lot of them are "whores that guys buy on the internet." When Plaintiff objected, "hey, don't say things like that, I am Russian," Romanelli simply ignored her complaints;

    b. Romanelli stated to Plaintiff that Russian women that owned daycare centers in the area received "kickbacks," insinuating the centers were illegally run; and

    c. Romanelli referred to at least one client/potential client as "Jew-y" in a derogatory and offensive manner.

22. Second, Plaintiff believes and therefore avers that she was treated unfairly because of her race, Caucasian, unlike several black (African-American) employees at Defendant.

23. For example, unlike her black co-workers, Plaintiff and other Caucasian employees were unfairly disciplined or terminated for alleged performance concerns or not reaching their

5

numbers, while several black employees were given a "pass" and allowed to not meet their quotas without being terminated.

24. Upon Plaintiff's information and belief, at least three Caucasian employees in her same position (including Plaintiff) had been terminated in the span of 1 year. In fact, a black co-worker, who regularly performed poorly, stated to Plaintiff, "they fire all of you white people," and "they have fired three white people in your position in the last year, what does that tell you?" Plaintiff avers that this same black employee regularly stole leads from her, which prevented Plaintiff from achieving her quotas/goals.

25. Plaintiff complained to Defendant's management, including but not limited to Kiser, Regional Manager, Eric Beasley (*hereinafter* "Beasley"), and HR Representative, Beth Freeman (*hereinafter* "Freeman") on several occasions leading up to her termination about the aforesaid instances of gender, race, ethnicity, ancestry, and/or national origin discrimination, but her concerns were largely ignored, and she continued to be subjected to animosity, hostility, and disparate treatment.

26. Thereafter, on or about March 17, 2021, in close proximity to Plaintiff's recent complaints of discrimination and a hostile work environment, Beasley, (who resides in Virginia) showed up without notice in Philadelphia and informed Plaintiff that they needed to make a visit to a nursing facility client, despite the fact that Defendant's Safety Officer had informed all employees that they must remain working remotely.

27. Plaintiff advised Beasley that the nursing homes had requested they not just show and give notice in particular if more than one person would be visiting, but he was adamant about visiting a nursing facility client – despite that it would subject the nursing home residents and Plaintiff to potential exposure.

28. Plaintiff then called the first nursing home, but her contact was very unhappy about the safety risk of Plaintiff and Beasley visiting, so they reached out to another nursing home.

29. Plaintiff's contact at the second nursing home was equally unhappy about the safety risk but permitted Plaintiff and Beasley to visit. During the visit, however, Beasley was not wearing a mask and was advised by the nursing home representative to remain in the background.

30. During that same visit, Plaintiff performed very well, acquiring 2 new leads in just one day, which is typically unheard of. Beasley initially praised Plaintiff for her work and acquiring the leads.

31. However, without warning just two days later, on or about March 19, 2021, Plaintiff was called by Freeman and Beasley and abruptly informed that she was being terminated.

32. Beasley informed Plaintiff that the reason for her termination was that she had purportedly acted "unprofessionally" and "embarrassed" him during her nursing home presentation two days prior.

33. Defendant's aforesaid purported reason for Plaintiff's termination on March 19, 2021, is completely pretextual and false because *inter alia* (1) Plaintiff consistently worked hard for Defendant and performed her job well; (2) Plaintiff had acquired 2 new leads just two days prior and had been informed by the nursing home representative that she would be happy for Plaintiff to give additional presentations to the local Russian community; (3) Beasley rarely (if ever) requested to tag along for site visits from Plaintiff's male, black, non-Russian and/or non-Jewish colleagues, and Beasley had praised Plaintiff's work on the day in question; and (4) Plaintiff was terminated in close proximity to her aforesaid complaints of gender, race, ethnicity, ancestry, and/or national-origin discrimination.

34. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and ultimately terminated because of her gender, race, ethnicity, ancestry and/or national origin, and in retaliation for her complaints of discrimination on account of same.

# COUNT I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
**([1] Gender Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. During Plaintiff's employment with Defendant, she was subjected to discrimination and a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of her gender.

37. As a result of this conduct, Plaintiff reasonably felt offended and that she was being discriminated against based on her sex.

38. Plaintiff objected to/complained of the aforementioned instances of gender discrimination and disparate treatment to Defendant's management and HR, but her concerns were ignored. Instead, she was subjected to increased hostility, animosity, and disparate treatment because of her gender and/or her complaints of gender discrimination.

39. Following her complaints of gender discrimination (discussed *supra*), Plaintiff was abruptly terminated on or about March 19, 2021, for pretextual reasons.

40. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and ultimately terminated because of her gender and/or her complaints of gender discrimination.

41. Defendant's actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

## COUNT II
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Race/National Origin Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     During Plaintiff's employment with Defendant, she was subjected to discrimination through verbal reprimands and derogatory and disparate treatment because of her race/national origin and/or her objections to/complaints of race/national origin discrimination, and/or for being non-black.

44.     Instead of investigating Plaintiff's aforesaid complaints of race/national origin discrimination, Defendant's management ignored them and left her legitimate concerns unresolved.

45.     Following her complaints of race and/or national origin discrimination (discussed *supra*), Plaintiff was abruptly terminated on or about March 19, 2021, for pretextual reasons.

46.     Plaintiff believes and therefore avers that she was really subjected to a hostile work environment and terminated because of her race/national origin, her objections to/complaints about race/national origin discrimination, and/or for being non-black.

47.     These actions as aforesaid constitute violations of Title VII.

## COUNT III
## Violations of 42 U.S.C. § 1981
### ([1] Race, Ancestry, and Ethnicity Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     During Plaintiff's employment with Defendant, she was subjected to discrimination through offensive comments, verbal reprimands and derogatory and disparate treatment because

of her race, ethnic and ancestral characteristics and/or her objections to/complaints of race and ethnic discrimination, and/or for being non-black.

50. Instead of investigating Plaintiff's aforesaid complaints of race and ethnic discrimination, Defendant's management ignored them and left her legitimate concerns unresolved.

51. Following her complaints of race and ethnic discrimination (discussed *supra*), Plaintiff was abruptly terminated on or about March 19, 2021, for pretextual reasons.

52. Plaintiff believes and therefore avers that she was really subjected to a hostile work environment and terminated because of her race, ancestry,[2] and ethnicity,[3] her objections to/complaints about race, ancestry, and ethnic discrimination, and/or for being non-black.

---

[2] It is very well established that Section 1981 protects all individuals because of their (1) race; (2) ancestry; and (3) ethnic characteristics, and an individual's appearance and physical characteristics are completely irrelevant to a claim under the statute. *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (holding that intentional discrimination based solely on a person's ancestry or ethnic characteristics is racial discrimination that Congress intended Section 1981 to forbid)*; see also Nedeltchev v. Sheraton St. Louis City Center Hotel & Suites*, 335 Fed. Appx. 656 (8th Cir. 2009) (finding European Slavic plaintiff states a cause of action under Section 1981 for harassment because of his ancestry and accent); *Anderson v. Conboy,* 156 F.3d 167, 170 (2d Cir.1998) ("[t]he prohibition against racial discrimination [codified in Section 1981] encompasses discrimination based on ancestry or ethnic characteristics"); *Smith v. Specialty Pool Contractors*, 2008 WL 4410163, at *4 (W.D. Pa. 2008) ("Persons of Jewish ancestry are a distinct race and, therefore, within the protection of 42 U.S.C. § 1981" (citing *Al-Khazraji,* 481 U.S. at 611-13)); *Ganthier v. North-Shore Long Island Jewish Health System, Inc.,* 345 F.Supp.2d 271, 281 (E.D.N.Y. 2004) (Spatt, J.) ("Under Section 1981, 'race' includes ancestry and ethnicity."); *Quintana v. Byrd*, 669 F. Supp. 849 (N.D. Ill. 1987) (finding that plaintiff's allegations of discrimination based on her ethnic characteristics, as opposed to her country of origin, was sufficient to state a cause of action under Section 1981); *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir. N.Y. 1987) ("There can be no question that [Section 1981] includes persons . . . who are of Puerto Rican descent").

[3] *See Al-Khazraji*, 481 U.S. at 613 (holding the matter of race must be considered broadly and noting the understanding of "race" in Section 1981 includes groups "who might be deemed Caucasian today," such as Swedes, Norwegians, Germans, Greeks, Finns, Italians, Russians, Arabs, Spaniards, Hungarians, etc.); *see also Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387, n.7 (10th Cir. 1991) (noting that the concept of race under § 1981 is broad, extending to matters of ancestry which are normally associated with nationality, not race in a biological sense); *Vodopwec v. Anthony's LLC*, 2018 U.S. Dist. LEXIS 129446, *9-10 (D.N.J. 2018) ("Courts have interpreted "race" for purposes of section 1981 to include "ancestry or ethnic characteristics" (quoting *Al-Khazraji,* 481 U.S. at 613); *Commodari v. Long Island Univ.*, 89 F. Supp. 2d 353, 374 (E.D.N.Y. 2000) (holding section 1981 applies to discrimination on the basis of Italian ancestry).

53. These actions as aforesaid constitute unlawful discrimination and retaliation under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 18, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Marina Kauffman | : | CIVIL ACTION |
| v. | : | |
| Innovage Pennsylvania Life LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 11/18/2021 | *signature* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1702 Hawkins Drive, Southampton, PA 18966

Address of Defendant: 8950 Lowry Blvd., Denver, CO 80230

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/18/2021        _____        ARK2484 / 91538
                         *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
    *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify): _____*
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 11/18/2021        _____        ARK2484 / 91538
                         *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAUFFMAN, MARINA

**DEFENDANTS**
INNOVAGE PENNSYLVANIA LIFE LLC

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Arapahoe
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1  U.S. Government Plaintiff
- **X** 3  Federal Question *(U.S. Government Not a Party)*
- 2  U.S. Government Defendant
- 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
*PERSONAL INJURY*
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- **X** 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
*Other:*
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: **X** Yes   No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 11/18/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print    Save As...    Reset